UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WOODROW FLEMMING,

                                Plaintiff,           9:13-CV-1448
                                                          (GLS/RFT)

      v.

PAUL M. DUVALL, et al.,

                                Defendants.

---

APPEARANCES:

WOODROW FLEMMING
Plaintiff, pro se
P. O. Box 146
New York, New York 10039

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

Plaintiff Woodrow Flemming commenced this action in November 2013. Dkt. No. 1. In a Decision and Order filed July 11, 2014, this Court determined that plaintiff was barred from proceeding in forma pauperis ("IFP") in this action pursuant to 28 U.S.C. § 1915(g),[1] and directed plaintiff to pay the $400.00 filing in full within thirty days if he wished to avoid dismissal of this action. *See* Dkt. No. 5 (the "July Order").

Plaintiff has not timely paid the filing fee as directed by the July Order. Rather, on August 4, 2014, plaintiff another IFP application. Dkt. No. 7. Mindful of plaintiff's status as a pro se litigant, the Court has reviewed his submission thoroughly and considered

---

[1] As noted in the July Order, plaintiff is a frequent litigator in the federal courts and the three-strikes rule set forth in 28 U.S.C. § 1915(g) has previously been enforced against him. *See* Dkt. No. 5 at 3.

whether judicial relief of any kind is warranted.

In light of this Court's ruling in the July Order that plaintiff is barred from proceeding in forma pauperis by the three strikes rule set forth in § 1915(g), his new request to proceed in forma pauperis is denied for the reasons stated therein.  However, the Court hereby grants plaintiff a **final** extension of time to pay the filing fee in full if he wishes to avoid dismissal of this action.  The deadline for payment of the fee is reset to within thirty (30) days of the filing date of this Decision and Order.  Plaintiff is advised that his failure to pay the fee, in full, will result in the dismissal of this action without prejudice, without further order of this Court.  If plaintiff timely pays the full filing fee, the Clerk shall return the file to the Court for review of plaintiff's complaint in accordance with 28 U.S.C. § 1915A.[2]

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No. 7) is **DENIED**; it is further

**ORDERED**, that this action shall be **DISMISSED without prejudice**, without further Order of this Court, unless **within thirty (30) days** of the filing date of this Decision and Order, plaintiff pays the full filing fee of $400.00; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this court for further review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

---

[2] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court expresses no opinion regarding the sufficiency of plaintiff's complaint at this time.

Dated: November 17, 2014
      Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court